UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Robert Holland Koon, # 227826, ) | C/A No. 8:04-21998-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| Jon Ozmint, Director of the South Carolina ) | |
| Department of Corrections (SCDC); ) | |
| S. Shumate; Henry McMaster, Attorney ) | |
| General of South Carolina; Warden Richard ) | |
| Bale; B. Allen Bullard; James Sewell; ) | |
| Steven Claytor; James Sligh; FNU Brooks, ) | |
| of Classification; R. T. Turner, Disciplinary ) | |
| Hearing Officer (DHO); Blake Taylor; ) | |
| NFN Gore, Captain; NF Daly, Lieutenant; ) | |
| and NFN Blackwell, Lieutenant; ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Robert Holland Koon is an inmate of the South Carolina Department of Corrections. At the time of the filing of this lawsuit, plaintiff was an inmate with the Perry Correctional Institution ("PCI"). Plaintiff brought this action pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated. In particular, the plaintiff alleges: (1) denial of access to updated law books; (2) denial of due process in a disciplinary proceeding; (3) denial of reading materials and use of the telephone; (4) denial of outdoor recreation; (5) stifling temperatures and lack of ventilation; (6) unsanitary conditions (including open sewer drains adjacent to his cell); and (7) a "breakdown" of the inmate grievance system at PCI.

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02, this matter was referred to United States Magistrate Judge Bruce H. Hendricks for pretrial handling. The Magistrate

1

Judge issued a Report and Recommendation on November 29, 2004, in which she recommended that defendants Ozmint, Shumate, McMaster, Bullard, Sligh, Brooks, and Turner be dismissed from the action and that defendants Bazzle, Sewell, Claytor, Taylor, Gore, Daly, and Blackwell be served with the plaintiff's Complaint. Plaintiff timely filed objections to the Report and Recommendation on December 8, 2004.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id*. However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982).

The plaintiff objects to the Magistrate Judge's Recommendation as to his claims.

## Discussion

**Denial of Access to Updated Law Books**

The plaintiff asserts in his complaint that "Director Jon Ozmint (SCDC) who is formerly a [sic] has entered into a conspricacy [sic] w/Attorney General Henry Dargan McMaster (former Attorney for SCDC[)]. See Robert Koon v. SCDC (et al) federal civil suits settled in (1993) [sic],

Warden Richard Bazzle and B. Allen Bullard, to deny the plaintiff and all SCDC convicts access to updated U.S. Supreme Court Reporter, Federal Report 3rd edition, Federal Supplements 3rd, South Eastern Reports 2nd edition, updated State/Federal West Digests, updated South Carolina Code of Laws."

Reasonable access by prisoners to both state and federal courts and to communication with attorneys is a guaranteed right. *Thornburgh v. Abbott*, 490 U.S. 490, 414 (1989); *Procunier v. Martinez*, 416 U.S. 396, 419 (1974), *overruled on other grounds; Ex parte Hull*, 312 U.S. 546, 549 (1941). Right of access does not include right to be transported to court for purpose of filing criminal charges. *Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990). In addition, the prisoner must show actual injury, i.e. that prisoner's efforts to pursue a legal claim were hindered. *Lewis v. Casey*, 518 U.S. 343, 351-52 (1996).

States must affirmatively provide prisoners with either law libraries or persons trained in law to prosecute both post-conviction proceedings and civil rights actions. *Bounds v. Smith*, 430 U.S. 817, 828 (1977). However, the right to access underlying *Bounds* extends only to suits attacking sentences and challenging conditions of confinement and does not require that the state enable the prisoner to discover grievances or to litigate effectively in court. *Lewis v. Casey*, 518 U.S. 343, 354 (1996).

In general, a state need not provide both law libraries and advisors. *Almond v. Davis*, 639 F.2d 1086, 1089-90 (4th Cir. 1981); *Williams v. Leeke*, 584 F.2d 1336, 1339 (4th Cir. 1978). However, if one system is found inadequate, a state may be required to provide the other system. *Smith v. Bounds*, 813 F.2d 1299, 1301-02 (4th Cir. 1987). Systemwide relief is not warranted absent a showing of widespread actual injury. *Lewis*, 518 U.S. at 360.

Prison officials may restrict the library use of inmates on segregation to instances in which

they have legal deadlines. *Harrington v. Holshouser*, 741 F.2d 66, 68-69 (4th Cir. 1984).

Plaintiff alleges that the absence of updated law books has denied him access to the courts. In his answers to Special Interrogatories the plaintiff complained that he was unaware of *South Carolina v. Gordon*,[1] 588 S.E.2d 105 (S.C. 2003), until approximately six (6) months after the opinion was issued. Plaintiff's post conviction relief ("PCR") counsel has recognized the significance of *Gordon*. Plaintiff's most recent (counsel assisted) PCR application (2004-CP-11-0214) seeks re-sentencing based on the retroactive rule of *Gordon*.

Plaintiff has failed to establish actual injury as required by *Lewis v. Casey*, 518 U.S. at 351-52. While plaintiff argues that he did not know until about *Gordon* until six (6) months after the opinion was issued, he has failed to establish injury since his PCR counsel is aware of the case and has based plaintiff's request for re-sentencing on it. The plaintiff has failed to establish any injury as a result of the alleged failure of defendants to update the law book..

**Denial of Due Process in a Disciplinary Proceeding**

Plaintiff was involved in an incident on or about June 7, 2004. As a result of this incident, he was charged with five (5) counts of striking an employee. On June 28, 2004, a disciplinary hearing was conducted, but plaintiff declined to attend on the basis that he "did not wish to be represented by counsel substitute." (5-1, Attachments, hand-written note to Ann Hallman dated August 12, 2004.) However, "the Constitution creates no entitlement to grievance procedures or access to any such

---

[1] In 1998 Plaintiff was convicted of grand larceny and second-degree burglary. At sentencing, his 1986 convictions for second-degree burglary were used as predicate offenses to impose a sentence of life without parole under S.C. Code Ann. § 17-25-45. In *Gordon* the South Carolina Supreme Court overruled the decision of *South Carolina v. Benjamin*, 579 S.E.2d 289 (S.C. 2003), which interpreted the South Carolina recidivist statute (the "Two-Strikes" law), S.C. Code Ann. § 17-24-45. The South Carolina Supreme Court explicitly held that *Gordon* was to apply retroactively. 588 S.E.2d at 111, n. 12. Consequently, plaintiff's 1998 conviction is now under state court review in light of the change in the law.

4

procedure voluntarily established by a state." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Since plaintiff of his own choice did not participate in his grievance hearing, which he had no constitutional right to participate in, there has been no due process violation.

Plaintiff also alleges that the disciplinary action was taken in retaliation for his filing of the present lawsuit. As pointed out by the Magistrate Judge, plaintiff filed the instant action August 9, 2004. The incident at issue occurred on June 7, 2004, and the grievance hearing was held June 28, 2004. Consequently, this action commenced almost two (2) months after the incident and six (6) weeks after the disciplinary hearing. This Court finds that plaintiff's claim of retaliation is without merit.

**Living Conditions**

The Eighth Amendment protection from cruel and unusual living conditions has both objective and subjective components. Conditions must rise to the level of a deprivation of a basic human need such as food, warmth or exercise. *Williams v. Griffin*, 952 F.2d 820, 824 (4th Cir. 1991). Additionally, prison officials cannot be held liable under the Eighth Amendment unless they knew of and disregarded an excessive risk to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A plaintiff must produce evidence of serious or significant physical or emotional injury resulting from challenged conditions. *Stricker v. Walters*, 989 F.2d 1375, 1380 (4th Cir. 1993).

From the documentation that plaintiff has presented, it is apparent that, at the time he filed this action, he was housed in the Special Management Unit ("SMU"), segregated from the general population. Segregated confinement and its "inescapable accompaniments"–isolation from companionship, restriction of intellectual stimulation, and prolonged inactivity–do not *per se* amount to cruel and unusual punishment, even if of prolonged and indefinite duration. *In re: Long Term*

*Admin. Segregation of Inmates*, 174 F.3d 464, 471-72 (4th Cir. 1999); *Allgood v. Morris*, 724 F.2d 1098, 1101 (4th Cir. 1984). A plaintiff must show that segregation deprived him of basic human need, such as food, clothing, shelter, or medical care, and that he suffered a serious or significant physical or emotional injury as a result. *In re: Long Term Admin. Segregation of Inmates*, 174 F.3d at 472. A plaintiff must also show that prison officials were deliberately indifferent to his needs. *Id*. at 471.

With regard to SMU policies and procedures, federal courts are cautious to afford appropriate deference and flexibility to state prison officials managing the volatile prison environment. *Sandin v. Conner*, 515 U.S. 472 (1995); *Beverati v. Smith*, 120 F.3d 500 (4th Cir. 1997).

**Denial of Outdoor Recreation**

The plaintiff alleges that he has been denied outside recreation. In support of his claim, he filed a copy of the "Inmate Standards" for the SMU filed by Defendant Swell. That document lists standards for inmate maintenance of their cells, as well as other requirements, such as standing up for the morning, afternoon, and evening "counts." The sanction for failing to comply with "Inmate Standards" is the loss of recreation.

The plaintiff alleges a conspiracy between defendants Ozmint, Sewell, Claytor, Brooks, Gore, Daly and Blackwell to provoke him with "false aversions [sic] each and every day." In other words, plaintiff alleges that daily the defendants have falsely accused him of violating SMU standards for the purpose of denying him recreation. The Magistrate Judge sent special interrogatories to the plaintiff, one of which specifically asked the plaintiff if the alleged denial of recreation resulted from a disciplinary proceeding. The plaintiff responded "no" to that interrogatory.

This Court cannot resolve this claim against PCI administration and staff without a factual record. It appears that the plaintiff's allegation of a "conspiracy" involving defendant Ozmint is

6

unsupported by any factual allegations in the complaint. In effect, plaintiff is alleging liability against Ozmint based on the doctrine of *respondeat superior*. This doctrine is inapplicable to § 1983 suits, *Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978), and, with regard to this claim, Ozmint should be dismissed.

**Denial of Reading Materials and Use of the Telephone**

Plaintiff alleges a denial of his ability to use the telephone. However, he admits in his response to Special Interrogatories that the denial of telephone privileges is part of the SMU regime. As to this allegation, the plaintiff fails to state a claim.

Plaintiff also claims that SMU restriction on newspapers, books, and magazines "is a mind control technique" since he is "allowed box of legal work, law book [sic]." The only injury plaintiff alleges as to the restriction on reading materials is an emotional injury. Without a physical injury plaintiff cannot proceed in this Court:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

42 U.S.C. § 1997e(e).

**Stifling Temperatures and Lack of Ventilation / Unsanitary Conditions**

The plaintiff complains that in the SMU in July and August 2004, daily temperatures exceeded on hundred degrees (100°) Fahrenheit and the defendants have refused to provide any ventilation. Additionally, plaintiff alleges that open drainage is located adjacent to his cell, creating noxious and unsanitary conditions.

Plaintiff alleges that defendants Bazzle, Sewell, Claytor, Taylor, Gore, Daly and Blackwell, knowingly allowed these problems to exist. To this extent, the complaint states a claim which could

be pursued under § 1983.

## Conclusion

After a review of the case law and record before it, the Court adopts the Report and Recommendation of the Magistrate Judge and incorporates it herein by reference, as modified by this Order, and overrules plaintiff's objections. For the reasons stated therein and in this order, defendants Ozmint, Shumate, McMaster, Bullard, Sligh, and Turner are **DISMISSED**[2]. Additionally, defendants Bazzle, Sewell, Claytor, Brooks, Taylor, Gore, Daly, and Blackwell shall be served for purposes of answering plaintiff's complaint.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

June 9, 2005
Florence, SC

---

[2] The Magistrate Judge recommended dismissal as to defendant Brooks. This Court believes it was an oversight on the part of the Magistrate since plaintiff alleges that defendant Brooks conspired to deprive him of outdoor recreation.