IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON DIVISION

| | |
|---|---|
| Robert Holland Koon, #227826,   ) | |
| ) | Civil Action No. 8:04-21998-RBH-BHH |
| Plaintiff,   ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs.   ) | |
| ) | |
| Jon Ozmint, Director of the South   ) | |
| Carolina Department of Corrections   ) | |
| (SCDC); et al.,   ) | |
| ) | |
| Defendants.   ) | |
| ) | |

The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. This matter is before the court on the plaintiff's motion for injunction/restraining order or, in the alternative, a motion for appointment of counsel.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate for consideration.

In the instant case, the plaintiff is currently serving a life sentence following a 1998 conviction for second degree burglary. At the time of the incident about which he is complaining, the plaintiff was housed at Perry Correctional Institution. In his motion, the plaintiff claims that all of his "legal materials" were seized by correctional officers in January 2005. The plaintiff claims that this action was "in retaliation for *Koon v. Ozmint* and prevents the plaintiff from filing pleadings or presenting his case, and seized all evidence to support all of appeals/lawsuits" (pl. motion at 1).

In determining whether to grant injunctive relief prior to trial, a court must balance four factors:

(a) The plaintiff's likelihood of success in the underlying dispute between the parties;

(b) whether the plaintiff will suffer irreparable injury if the injunction is not issued;

(c) the injury to the defendant if the injunction is issued; and

(d) the public interest.

*Scotts Company v. United Industries Corporation*, 315 F.3d 264 (4th Cir. 2002); *Blackwelder Furniture Co. v. Seilig Manufacturing Co.*, 550 F.2d 189 (4th Cir. 1977). The court must first determine whether the plaintiff has made a strong showing of irreparable harm if the injunction were to be denied; if so, then the court must balance the likelihood of harm to the plaintiff against the likelihood of harm to the defendant if the injunction were issued. *Scotts*, 315 F.3d at 271.

The plaintiff here has made no showing of irreparable harm. The record clearly shows that the plaintiff has not been deprived of the opportunity to draft and file documents. Moreover, the plaintiff has made only a vague claim with regard to the alleged seizure of his legal materials. His conclusory allegations are insufficient to justify the extraordinary remedy of injunctive relief.

The plaintiff has failed to show irreparable harm, much less likelihood of success on the merits or the other requirements for injunctive relief. This court is simply not in the business of supervising prisons and managing the administration of prison facilities. Therefore, it is recommended that the plaintiff's motion be denied.

The plaintiff has also moved, in the alternative, for appointment of counsel. The Congress does not appropriate funds to pay attorneys who represent litigants in civil rights cases. 53 Comp. Gen. 638 (1974). Although this economic fact is not conclusively

determinative of the issue, it is a practical consideration which cannot be ignored. Moreover, it has been authoritatively stated in this context that a person who has a legitimate civil rights claim for damages "will likely find private counsel available on a contingent fee basis." *Williams v. Leeke*, 584 F.2d 1336, 1339 (4th Cir. 1978), *cert. denied*, 442 U.S. 911 (1979). In most civil rights cases, the issues are not complex, and whenever such a case is brought by a *pro se* litigant, this court outlines proper procedure so the *pro se* litigant will not be deprived of a fair opportunity to present his or her case. *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975). In some instances, of course, a failure to make a discretionary appointment of counsel may represent an abuse of discretion, but this is not the type of case which presents factors that clearly reflect a need for the plaintiff to have counsel appointed.

Based on the foregoing, it is recommended that the plaintiff's motion for injunctive relief or, in the alternative, for appointment of counsel, be denied.


s/Bruce H. Hendricks
United States Magistrate Judge

June 23, 2005

Greenville, South Carolina