UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Robert Holland Koon, # 227826, ) | C/A No. 8:04-21998-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| Warden Richard Bazzle; James Sewell; ) | |
| Steven Claytor; FNU Brooks, of ) | |
| Classification; Blake Taylor; NFN Gore, ) | |
| Captain; NF Daly, Lieutenant; and NFN ) | |
| Blackwell, Lieutenant; ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff Robert Holland Koon is an inmate of the South Carolina Department of Corrections. At the time of the filing of this lawsuit, plaintiff was an inmate with the Perry Correctional Institution ("PCI"). Plaintiff brought this action pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated. In particular, the plaintiff alleges: (1) denial of access to updated law books; (2) denial of due process in a disciplinary proceeding; (3) denial of reading materials and use of the telephone; (4) denial of outdoor recreation; (5) stifling temperatures and lack of ventilation; (6) unsanitary conditions (including open sewer drains adjacent to his cell); and (7) a "breakdown" of the inmate grievance system at PCI.

On June 9, 2005, this Court ordered the dismissal of defendants Ozmint, Shumate, McMaster, Bullard, Sligh, and Turner. In that same order, this Court ordered service of the complaint on defendants Bazzle, Sewell, Claytor, Brooks, Taylor, Gore, Daly, and Blackwell.

On January 20, 2005, plaintiff filed a motion for injunctive relief or, in the alternative, for the

appointment of counsel. Defendants filed a response to plaintiff's motion on June 10, 2005.[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02, this matter was referred to United States Magistrate Judge Bruce H. Hendricks for pretrial handling. The Magistrate Judge issued a Report and Recommendation on June 23, 2005, in which she recommended plaintiff's motion be denied. Plaintiff timely filed objections to the Report and Recommendation on July 7, 2005.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id*. However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982).

## Motion for Injunction

In determining whether to grant a preliminary injunction, a court must balance the following factors: (1) The plaintiff's likelihood of success in the underlying dispute; (2) whether the plaintiff will suffer irreparable injury if the injunction is not issued; (3) the injury to the defendant if the

---

[1] Defendants did not reply to the plaintiff's motion until this Court ordered that they be served by Order filed June 9, 2005.

injunction is issued; and (4) the public interest. *Rum Creek Coal Sales, Inc. v. Caperton*, 926 F.2d 353, 359 (4th Cir. 1991). Initially, the court must determine whether the plaintiff has made a strong showing of irreparable harm. *Scotts Co. v. United Industries Corp.*, 315 F.3d 264, 271 (4th Cir. 2002. Only then will the court balance the likelihood of harm to the plaintiff against the likelihood of harm to the defendant if the injunction were issued. *Id*.

Plaintiff alleges that he will suffer irreparable harm if this motion is denied because he "is <u>totally</u> and <u>completely</u> unable to proceed." The defendants submit that the only items, if any, that were seized by them were contraband items. They additionally argue that plaintiff "has not been deprived of the opportunity to research, discuss, draft and file documents, and otherwise pursue this cause of action. He continues to submit pleadings, serve defendants, file motions, and send settlement offers to Defendants." (Reply to Plaintiff's Motion for Injunction, p. 1.)

Preliminary relief directed to running a state prison should be granted only in compelling circumstances. *Taylor v. Freeman*, 34 F.3d 266, 267 (4th Cir. 1994). This Court finds that plaintiff has failed to satisfy his burden of establishing irreparable harm as he has failed to establish how the alleged seizure of items from his cell prevents him from drafting "pleadings." Additionally, the Court notes that plaintiff has alleged that the defendants have "<u>seized</u> and <u>destroyed</u>" the documents at issue. The Court is at a loss as to how it could order the defendants to return the material to him if he alleges that it has already been destroyed.

## Motion for Appointment of Counsel

Plaintiff also asks that counsel be appointed in order to "protect" his rights. Appointment of counsel in 42 U.S.C. § 1983 case is discretionary. *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984). Discretion should be exercised in "exceptional circumstances." *Id*. The existence of

"exceptional circumstances" depends on two factors: type and complexity of case, and ability of a *pro se* litigant to present his case. *Id*. This Court finds that there are no exceptional circumstances in the instant case. The plaintiff has fully presented his claims to this Court in the instant action as well as numerous other actions that he has filed.

## Conclusion

After a review of the case law and record before it, the Court adopts the Report and Recommendation of the Magistrate Judge, incorporates it herein by reference, and overrules plaintiff's objections. For the reasons stated therein and in this order, plaintiff's motion for injunctive relief and the appointment of counsel is **DENIED**.

**IT IS SO ORDERED.**

                                                    s/ R. Bryan Harwell
                                                    R. Bryan Harwell
                                                    United States District Judge

July 26, 2005
Florence, SC